IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANGELA B. WEAVER and DOMENICK SALVATORE, individually and derivatively as limited partners on behalf of AMD SOUTHFIELD MICHIGAN LIMITED PARTNERSHIP, a Michigan Limited Partnership | ) ) ) ) ) ) ) ) | Civil Action No.  02-1719 Judge Terrence F. McVerry/ Magistrate Judge Sensenich |
| Plaintiffs, | ) ) | |
| | ) | Re: Doc. #108 |
| | ) | |
| MOBILE DIAGNOSTICS, INC., a Pennsylvania Corporation, MDX CORPORATION, a Pennsylvania Corporation, A. JEROME DIGIACOBBE, JR., CALVIN F. ZONTINE, and ALPHA MEDICAL CONSULTANTS, INC., a Pennsylvania Corporation | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**OPINION AND ORDER ON DEFENDANTS' MOTION
TO ADD ANGELA B. WEAVER, EXECUTRIX OF THE ESTATE OF
GERALD W. WEAVER, DECEASED, AS A NEW PARTY DEFENDANT.**

Before the Court is Defendants' Motion to Add Angela B. Weaver, Executrix of the Estate of Gerald W. Weaver, Deceased, as a New Party Defendant. (Doc. #108). This motion is filed pursuant to leave of Court. (Doc. #93.) I have concluded after careful consideration of the arguments of the parties that Defendants' motion should be granted.

This case began in 1985 with the formation of a partnership

1

pursuant to the laws of Michigan to operate an MRI facility by some of the parties to this action. Plaintiffs Angela B. Weaver and Domenick Salvatore ("Salvatore"), individually and derivatively as limited partners on behalf of the partnership, AMD Southfield Michigan Limited Partnership ("AMD"), bring this action against Defendants, Mobile Diagnostech, Inc., MDX Corporation, A. Jerome DiGiacobbe, Jr., Calvin F. Zontine, and Alpha Medical Consultants, Inc.[1] Plaintiffs allege injuries resulting from Defendants' conduct in violation of the Racketeeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. 1961 *et.seq.* , and common law fraud, conversion, and breach of fiduciary duty.

A. Procedural Posture

This case was filed on October 9, 2002, over three years ago. On September 16, 2004, the first case management conference was held after multiple preliminary motions had been decided. An order was entered following the conference which allowed until January 15, 2005 to add additional parties. (Doc. #61.) On January 14, 2005, Defendants filed a motion to extend time to move to add new parties, which was granted. (Docs. # 72, 73.) The

---

[1]Plaintiff Angela B. Weaver's role in this case is based on a 1998 letter written by her husband, Gerald W. Weaver, a limited partner and General Counsel of AMD, who died in 1999, in which he stated that his partnership shares were owned by them jointly as tenants by the entireties.

Court allowed the extension of time to add new parties "in order to allow sufficient time for the Orphan's Court Division of the Court of Common Pleas of Allegheny County to rule as to whether or not the Estate of Gerald W. Weaver can be re-opened" and the Court allowed until April 15, 2005 so that "the Defendants can therefore assert a third party complaint against the Estate in the instant litigation." (Doc. #73.)

On June 9, 2005, Defendants filed a second motion to extend time, or in the alternative, a motion to add additional defendant, Angela B. Weaver, Executrix of the Estate of Gerald W. Weaver, Deceased, which was granted. (Docs. # 80,93.) In this motion, the Defendants asserted that on May 31, 2005, the Honorable Walter R. Little, Judge of the Court of Common Pleas of Allegheny County, issued an opinion in which he adopted a report and recommendation of Special Master Eugene Berry and granted a petition by AMD to Show Cause why the Estate of Gerald W. Weaver should not be reopened in order to determine whether the Estate should receive and administer the Decedent's ownership interest in AMD limited partnership units. The estate was reopened, and thus became an entity subject to suit. Therefore, the Court granted Defendants leave until October 21, 2005 to add new parties. (Doc. #93.) On August 10, 2005, Defendants filed Motion to Add Angela B. Weaver, the Executrix of the Estate of Gerald W. Weaver, Deceased, as a New Party Defendant. (Doc. #95.)

Plaintiffs objected on multiple grounds, including the failure of
the Defendants to provide a third party complaint. (Doc. #100 at
2.) On August 30, 2005, because of Defendants' failure to attach
a new complaint to its Motion, the Court issued an Order denying
Defendants' Motion to Add a New Party without prejudice. (Doc.
#104.) On October 17, 2005, Defendants filed this instant Motion
to Add Angela B. Weaver, Executrix of the Estate of Gerald W.
Weaver, Deceased, as a new party defendant and included with the
motion its third party complaint. (Doc. #108.)

  B. Parties' Positions

    Defendants cite Rule 14 of the Federal Rules of Civil
Procedure which provides the Court with discretion to allow a
party to file a third party complaint. See Fed. R. Civ. P. 14
Defendants explain that the Court can properly grant their Motion
if the Court determines that the issue of joinder was timely
raised, the new party would not unduly complicate the case or
introduce an unrelated controversy, and the third party complaint
involves related issues which can be determined in one suit.
(Doc. # 108 at 1-2, citing Saunders v. Jim Emes Petroleum
Company, 101 F.R.D. 405 (W.D.Pa. 1983) and Collins v. General
Motors Corp., 101 F.R.D. 4 (W.D.Pa. 1983). Defendants examined
these requirements and aver that all of these conditions weigh in
favor of granting their motion because the issues in the third

party complaint are integral and essential to the underlying case, and that the joinder was timely based upon leave of Court. (Id. at 2-3.) As an exhibit to their Motion, Defendants attach their third party complaint. (Doc. 108, ex. A.) In their third party complaint, Defendants aver that Plaintiffs' complaint makes allegations which "go directly to the duties and responsibilities of the Decedent." (Id. at 3.) Thus, they seek indemnification or contribution from the estate and assert that the decedent was negligent in the form of malpractice, if they are found to be liable in the underlying suit. (Id. at 4-5.)

Plaintiffs respond to Defendants' Motion by alleging undue delay, unfair prejudice, and futileness of the third party complaint. (Doc. # 111 at 1-2.) Plaintiffs' three bases for objecting to the Motion to Add argue that if the motion is granted, the case will be unnecessarily delayed because Defendants can not assert a valid cause of action against the estate.[2] Plaintiffs postulate that the additional pleadings and motions which would follow a joinder of the estate would result in a delay of a year or more. (Id. at 8.) This delay would be prejudicial to Plaintiffs Salvatore and AMD because these Plaintiffs have nothing to do with the issues which would be raised through the third party complaint. (Id. at 9.) Plaintiffs assert that the claims asserted against the estate are invalid,

_____

[2] Plaintiffs do not assert that the joinder was untimely. (Doc. #111 at 3.)

and thus Joinder would be futile. Among the defenses which would
be raised against the third party complaint, Plaintiffs cite the
statute of limitations, Pennsylvania indemnity and contribution
principles, and RICO contribution and indemnity principles. (Id.
at 9-12.)

Defendants reply that the opinion of Judge Little in the
Orphans Court "raises numerous issues and questions with regard
to Angela Weaver's conduct and her attempts to manipulate and
defraud both the defendants in this case as well as the Estate's
creditors." (Doc. #113 at 3.)[3] Further, Defendants state that
discovery would be limited to narrow issues, and therefore would
not be redundant of discovery already performed. (Id. at 3-4.)
Defendants cite a similar case in which reliance on the advice of
an accountant was determined to state a claim for
indemnification, and thus the third party complaint was
permitted. (Id. at 5, citing Vanguard Sav. and Loan Ass'n v.
Banks, 1994 WL 70566 (E.D. Pa. 1995). Defendants explain that
although Plaintiffs purport to establish that there is no valid
cause of action against the estate, Plaintiffs' allegations are
in actuality contested facts that are central to the liability
issues in the case. (Id. at 6.) Defendants further note that they

---

[3] Angela Weaver's conduct as the executrix is generally not
relevant to this motion because the third party complaint asserts
liability based upon the conduct of Gerald Weaver before his
death, not liability based upon the management of his estate
after his death by Angela Weaver.

have valid defenses to the statute of limitation, and to the contractual indemnity clauses. (Doc. #7-8.) Defendants admit that the joinder would prejudice Plaintiffs Salvatore and AMD, but insist that this prejudice is minimal and is necessary. (Id. at 8.)

Plaintiffs filed a Sur-Reply in which they claim that because Defendants can pursue an indemnification claim at a later date, this claim is not ripe. (Doc. #116 at 2-3.) Plaintiffs further assert that Defendants waived the defense of recoupment by not raising it in their answer; it is not available under the facts of the case; and Defendants did not properly toll the statute of limitations  against the estate as provided by Pennsylvania law. (Id. at 4-6.) Finally, Plaintiffs assert that the prejudice that Plaintiffs Salvatore and AMD would experience by the delay is far greater than the prejudice Defendants would suffer by denying the motion to add, simply because the Defendants would be able to claim contribution after a judgment was rendered. (Id. at 7.)

Defendants filed a Reply to Plaintiffs' Sur-Reply which counters that all of the arguments raised by Plaintiffs in opposition to Defendants' Motion to Add a New Party require "analysis and interpretation of facts germane to the defenses, which seek to direct the Court to act based upon interpretation of facts which are not yet before the Court and conclusions of

law applied to such, as yet, underdeveloped facts." (Doc. #119 at
6-7.) Defendants assert that Plaintiffs misstate the law when
they suggest that the estate could have been added as a party
prior to Judge Little's opinion which re-opened it. (Id. at 8.)
Further, Defendants assert that Plaintiffs legal claims are
premature and are not proper at this time. (Id. at 9.)

C. Discussion

Generally it is best to litigate third-party actions in the
same trial the original action. Mozeika v. Kaufman Const. Co., 25
F.R.D. 233, 235 (E.D.Pa. 1960). The general purpose of Rule 14 is
to avoid two actions which should be tried together to save time
and costs related to duplication of evidence, to obtain
consistent results from identical evidence, and to prevent
handicapping defendant with a time difference between a judgment
against him and a judgment in his favor against the third party
defendant. Miller v. Hand, 8 F.R.D. 67, 71 (E.D.Pa. 1947). The
district court has discretion to determine whether a third-party
defendant may be brought in on motion. Gilpin v. Abraham,  231
F.Supp. 511, 512 (E.D.Pa. 1964). Rule 14 of the Federal Rules of
Civil Procedure provides:

> At any time after commencement of the action a
> defending party, as a third-party plaintiff, may cause
> a summons and complaint to be served upon a person not
> a party to the action who is or may be liable to the
> third-party plaintiff for all or part of the
> plaintiff's claim against the third-party plaintiff.

8

> The third-party plaintiff need not obtain leave to make
> the service if the third-party plaintiff files the
> third-party complaint not later than 10 days after
> serving the original answer. Otherwise the third-party
> plaintiff must obtain leave on motion upon notice to
> all parties to the action.

Fed.R.Civ.P. 14(a). Among the factors to be evaluated by the

court in determining whether to permit joinder of third-party

defendant are whether the motion to join is timely, whether

third-party complaint will introduce an unrelated controversy or

unduly complicate the case, and whether the addition of the

third-party complaint will help to avoid circularity of action

and settle related matters in one law suit. Judd v. General

Motors Corp., 65 F.R.D. 612, 615 (M.D.Pa. 1974).

Plaintiffs do not claim that the joinder was untimely,(Doc.

#111 at 3) and the joinder was filed with leave of court.(See

Procedural Posture, Section A, supra and Docs. #61, 72, 73, 80,

93, 95, 104, and 108.) Thus, the joinder was timely and

Plaintiffs were on notice, and thus were not prejudiced by the

delay.[4]

The Court throughly discussed whether the estate would be a

---

[4] Plaintiffs argue that delay would be prejudicial to
Plaintiffs Salvatore and AMD because these Plaintiffs have
nothing to do with the issues which would be raised through the
third party complaint. (Doc. #111 at 9.) However, the Court does
not find the prejudice of delay to outweigh the prejudice of not
allowing the joinder after Plaintiffs have been on notice for the
joinder for over a year and the delay was caused by the need to
re-open the estate in state court, not by inaction by Defendants.

proper third party in this case in its July 21, 2005 Order which
granted the Motion to Extend Time to Add Additional Parties. (See
Doc. #93.)  The only remaining factor is complication of issues.

This case has been from its onset, complicated in nature.
This is readily apparent by reference to the docket. The case has
been pending in the pretrial stage for over three years. (See
Doc. #1.)  Because of non-dispositive interim motions, it took
well over a year before an answer was filed. (See Doc. # 36.) It
took almost another year for the parties to determine a discovery
plan. (See Doc. #59.) As of this date, thirty motions have been
filed in this case. (See Docs. #5-117.) For this Motion alone,
the parties have filed five briefs. (See Parties' Position,
Section B, supra.)

This Court declines to predict what additional complications
will arise based upon the parties' speculations regarding the
need for additional filings. The parties note in their arguments
that the issue of complication primarily concerns confusing the
jury. (Doc. #116 at 2.) The majority of the assertions raised by
Plaintiffs, if true, would prevent the third party complaint from
reaching the jury. (Id. at 2-5.) Further, if the complaint
reaches the jury, issues of indemnity, contribution and
negligence are routine jury matters, and thus the Court is not
persuaded that complication prevents the third party complaint
from being appropriate.

10

Plaintiffs' remaining assertions are centered around the futility of the third party complaint. "'Futility is governed by the same standard of legal sufficiency that applies under rule 12(b)(6).'" <u>Oran v. Stafford</u>, 226 F.3d 275, 291 (3d Cir. 2000) (quoting <u>Oran v. Stafford</u>, 34 F.Supp.2d 906, 913-14 (D.N.J. 1999)).  A motion to dismiss must be viewed in the light most favorable to the plaintiff and all well-pleaded allegations of the complaint must be accepted as true.  <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).  See also <u>National Org. for Women, Inc. v. Scheidler</u>, 510 U.S. 249 (1994).

To support their claim of futility, Plaintiffs claim that the executrix is entitled to contractual indemnity (Doc. #111 at 5-8), the claims for contribution or indemnity are not valid under RICO and state law,(Id. at 8-11) and the claim of malpractice is barred by the statute of limitations. (Id. at 11-13.)

Defendants counter that the statute of limitations is a factual issue which they intend to defend based upon recoupment and the discovery rule. (Doc. #113 at 7.)  Several Defendants are not parties to the indemnity agreements. (Id. at 10.)  Plaintiffs

respond that recoupment has been waived by Defendants failure to raise it in their initial answer, the defense is not satisfied and the Defendants' failed to toll the claim against the estate according to Pennsylvania rules. (Doc. #116 at 4-6.)

The general principle is that when the Court evaluates a motion to dismiss for failure to state a claim, the issue is not whether the plaintiff will prevail at the end, but only whether he should be entitled to offer evidence to support his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The reasons proffered by Plaintiffs to suggest that the Defendants' claims are futile are fact specific. (Doc. #111 at ex 1-7.) Further, it would seem that contractual indemnity is a question of fact dependant upon the documents produced by Plaintiffs, the validity of a claim for indemnity under RICO depends on the result of the RICO counts, the validity of indemnity under state law depends on the success of the tort claims, and the statute of limitations defense is challenged by factual disputes surrounding the discovery rule. The Court agrees with the Defendants that Plaintiffs' futility arguments are based upon "analysis and interpretation of facts germane to the defenses, which seek to direct the Court to act based upon interpretation of facts which are not yet before the Court and conclusions of law applied to such, as yet,..." undeveloped facts. (Doc. #119 at 6-7.).

Therefore, the following Order is entered:

**ORDER**

AND NOW, this 16th day of December, 2005;

IT IS HEREBY ORDERED that the Defendants' Motion to Add

New Party is granted.  Defendants' Complaint to Join Additional

Defendant will be filed this date.

*/s/ Ila Jeanne Sensenich*
ILA JEANNE SENSENICH
U.S. Magistrate Judge

Dated: December 16, 2005

cc:  Bernard D. Marcus, Esquire
     Moira E. Cain-Mannix, Esquire
     Robert M. Barnes, Esquire
     Marcus & Shapira
     35th Floor, One Oxford Centre
     301 Grant Street
     Pittsburgh, PA 15219-6401

     John R. O'Keefe, Jr., Esquire
     Brian A. Lawton, Esquire
     James T. Tallman, Esquire
     Metz, Schermer & Lewis
     11 Stanwix Street
     Pittsburgh, PA 15222

     Manning J. O'Connor, II
     Evans, Portnoy, Quinn & O'Connor
     301 Grant Street
     36th Floor, One Oxford Centre
     Pittsburgh, PA 15219-6401