IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA B. WEAVER and DOMENICK SALVATORE, individually and derivatively, as limited partners, on behalf of AMD SOUTHFIELD MICHIGAN LIMITED PARTNERSHIP, a Michigan Limited Partnership, | Civil Action No. 02-1719<br>Judge Terrence F. McVerry/<br>Magistrate Judge<br>Ila Jeanne Sensenich |
| Plaintiffs, | |
| vs. | |
| MOBILE DIAGNOSTECH, INC., a Pennsylvania Corporation, MDX CORPORATION, a Pennsylvania Corporation, A. JEROME DIGIACOBBE, JR., CALVIN F. ZONTINE, and ALPHA MEDICAL CONSULTANTS, INC., a Pennsylvania Corporation, | Re: Doc. # 127 |
| Defendants, | |
| vs. | |
| ANGELA B. WEAVER, Executrix of the Estate of Gerald W. Weaver, Deceased, | |
| Third Party Defendant. | |

## MEMORANDUM ORDER

In this case, Angela Weaver ("Weaver") is both a plaintiff and a third party defendant as a result of this Court's recent order granting Defendants' Motion to Add Angela B. Weaver, Executrix of the Estate of Gerald W. Weaver, Deceased, as a New Party Defendant. (See Docs. # 108, 120.)

On January 9, 2006, Defendants filed a Motion to Disqualify, or in the Alternative, Stay. (Doc. # 127.) Defendants assert that the disqualification of Weaver as a plaintiff or as an executrix is required due to the potential conflict of interests between her capacities. (*Id.* at 6.)  In their Reply, Defendants argue that, under state law, Weaver must be removed as an executrix. (Doc. # 144.)

Defendants now argue that Rule 23.1 of the Federal Rules of Civil Procedure requires the disqualification of Weaver in this case in her derivative capacity. (See Doc. # 150 at 3-5.)

Each of the three bases for Defendants' Motion to Disqualify, or in the Alternative Stay, will be evaluated. First, it is clear that:

> Under Pennsylvania law the orphans' court division of each court of common pleas has mandatory jurisdiction over decedents' estates, testamentary trusts and *inter vivos* trusts. <u>20 Pa. C.S. Sec. 711</u>. This jurisdiction encompasses all proceedings for the enforcement of legacies, annuities and charges placed on real or personal property by will, *inter vivos* trust or decree of an orphans' court or for discharge of the lien thereof. *Id.* It also includes all appeals from and proceedings removed from the county's register of wills. *Id.* Thus, it is beyond question that in Pennsylvania "[t]he Orphans' Court has exclusive jurisdiction over the settlement, administration and distribution of a decedent's estate."

*Golden v. Cook*, 293 F. Supp.2d 546, 552 (W.D. Pa. 2003)(internal citation omitted).[1] Defendants fail to identify any authority for this Court to remove an executrix in a matter within the exclusive jurisdiction of the Orphans' Court. Therefore, as to this relief Defendants' motion will be denied.

Second, Defendants request the disqualification of Weaver as a plaintiff. (Doc. #127 at 6.) Weaver initiated this suit against Defendants. Defendants successfully moved to have her husband's estate named as a third party defendant. Now, Defendants cite her position as executrix as a basis for disqualifying her from proceeding with her personal claims against them. They do not cite any legal authority for this unprecedented form of relief. Thus, it will be denied.

Third, Defendants seek to disqualify Weaver as a derivative plaintiff, asserting that as a result of their having added her as a Third Party Defendants she cannot serve in a derivative capacity or a fiduciary without being faced with a conflict of interest. However, they have not identified any specific conflict.

Finally, Defendants have not provided a sufficient reason for a stay in this case which has now been pending for

---

[1] This Court previously cited *Golden* when deciding another Motion to Stay filed by Defendants.(See Doc. # 93 at 8.)

over three years. (Doc. # 127.)[2]  Therefore the following order is entered;

## ORDER

AND NOW, this 13th day of April, 2006;

IT IS HEREBY ORDERED that Defendants' Motion to Disqualify, or in the Alternative, Stay is denied.


                                                        /s/ Ila Jeanne Sensenich
                                                        Ila Jeanne Sensenich
                                                        United States Magistrate Judge


cc:    Electronically or by U.S. Mail

        Bernard D. Marcus, Esquire
        MARCUS & SHAPIRA, LLP
        One Oxford Centre, 35th Floor
        301 Grant Street
        Pittsburgh, PA 15219-6401

        John R. O'Keefe, Jr., Esquire
        METZ LEWIS, LLC
        11 Stanwix Street, 18th Floor
        Pittsburgh, PA 15222

        Manning J. O'Connor II, Esq.
        EVANS PORTNOY QUINN & O'CONNOR
        One Oxford Centre, 36th Floor
        301 Grant Street
        Pittsburgh, PA 15219

        Matthew S. Sturtz, Esq.
        MILES & STOCKBRIDGE, P.C.
        600 Washington Ave., Ste. 300
        Towson, MD 21204-3965

---

[2] See also Doc. # 93, an Order denying a previous motion for a stay.