IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA B. WEAVER and DOMENICK SALVATORE, individually and derivatively as limited partners on behalf of AMD SOUTHFIELD MICHIGAN LIMITED PARTNERSHIP, a Michigan Limited Partnership<br><br>        Plaintiffs,<br><br><br>MOBILE DIAGNOSTICS, INC., a Pennsylvania Corporation, MDX CORPORATION, a Pennsylvania Corporation, A. JEROME DIGIACOBBE, JR., CALVIN F. ZONTINE, and ALPHA MEDICAL CONSULTANTS, INC., a Pennsylvania Corporation<br><br>        Defendants. | Civil Action No. 02-1719<br>Judge Terrence F. McVerry/<br>Magistrate Judge Sensenich<br>Re: Doc. # 158 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.   **RECOMMENDATION**

It is recommended that Plaintiffs' Motion for Sanctions Including Severance and Attorney's Fees, be denied. It is further recommended that Defendants' claims against the Estate of Gerald Weaver be severed from this claim pursuant to Rule 21 of the Federal Rules of Civil Procedure and Defendants be ordered to file it as a new civil action. It is further recommended that the filing

fee for the new civil action be waived.[1]

## II. REPORT

This complex case resulted from the formation of a partnership to operate an MRI facility under the laws of Michigan in 1985. Plaintiff Angela B. Weaver ("Weaver") is the widow of Gerald W. Weaver, who was a limited partner and, at various times, counsel for various corporations, including Plaintiff Southfield Michigan Limited Partnership (AMD) together with Plaintiff Domenick Salvatore and limited/general partners, Defendants A. Jerome DiGiacobbe, Jr. ("DiGiacobbe") and Calvin F. Zontine ("Zontine"). Plaintiffs commenced this action on October 9, 2002 against Defendants, DiGiacobbe and Zontine as well as Mobile Diagnostech, Inc. ("MDI"), MDX Corporation ("MDX"), and Alpha Medical Consultants, Inc. ("Alpha"). Plaintiffs allege injuries resulting from Defendants' conduct in violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961 - 1968, and common law fraud, conversion, and breach of fiduciary duty.

### A. Procedural Posture

This case was filed on October 9, 2002, over three years ago.

---

[1] If this report and recommendation is granted, the following documents should be filed at the new number: Document numbers 122, 123, 128, 168, 137, 138, 139, 140, 145, 146, 148, 154, 153, 152, 155, 156, 164, as well as the order, Response/Briefing Schedule re 122 Motion for Motion for Preliminary Injunction, dated December 27, 2005, which is a text-only order. Further, the item at document number 132 was to be re-filed pursuant to the clerk's direction. This document should also be transferred to the new docket if it is re-filed.

On September 14, 2004, the first case management conference was held after multiple preliminary motions had been decided. On February 17, 2005, Defendants filed a motion for Joinder of Angela B. Weaver, Executrix of the Estate of Gerald W. Weaver, deceased, as a New Party Defendant. Defendants were granted several extensions because they were awaiting a decision by the Court of Common Pleas of Allegheny County on their Petition for Rule to Show Cause Why the Estate of Gerald W. Weaver should not be Reopened in order to determine whether the Estate should receive and administer the Decedent's ownership interest in AMD limited partnership units. Defendants claimed that the executrix had not properly acquired the decedent's ownership interest in AMD limited partnership units and that those units should be returned to the estate. On May, 31, 2005, The Honorable Walter R. Little, Judge of the Court of Common Pleas of Allegheny County granted the Petition to reopen the estate and it thereby became an entity subject to suit. Plaintiffs objected to Defendants' motion to add Weaver as executor of the estate, complaining, *inter alia* that to add the estate as a Third Party Defendant would result in a delay of a year or more, which would be prejudicial to Plaintiffs. Defendants replied that discovery would be limited to narrow issues and would not unreasonably delay the disposition of this case.

The Third Party Complaint alleges that the Decedent was an original limited partner and general counsel to AMD. He was also

general counsel to and a shareholder in MDI, MDX and Alpha between 1985 and 1999. During that time he was a partner of and counsel to Defendants Digiacobbe and Zontine. Defendants allege that during that time he authorized, approved and counseled them to undertake and/or participate in the alleged wrongful transactions of which Plaintiffs now complain. They are asserting professional liability claims against the Estate of Gerald Weaver in their Third Party Complaint.

On December 23, 2005, the executrix filed a Motion for a Preliminary Injunction, requesting advancement of her defense costs pursuant to Defendant MDI's bylaws, which motion is currently pending before this Court. (Doc. # 122.)

On January 9, 2006, Defendants filed a Motion to Disqualify, or in the Alternative, Stay, asking this Court to disqualify Weaver as executor of the estate or stay the proceedings until the Court of Common Pleas of Allegheny County, Orphans' Court Division, disposes of their motion seeking her disqualification. (Doc. # 127.) Defendants argue that the disqualification of Weaver as a plaintiff or as an executrix is required because of potential conflicts of interests resulting from her various capacities. (As an individual plaintiff, in her derivative capacity and as executor of the estate.) (*Id*. at 6.)(See Doc. # 150 at 3-5.) On March 24, 2006, Plaintiffs filed this Motion for Sanctions (Doc. # 158) against Defendants, asking that the Third Party Claim against

4

Plaintiff Weaver be severed and that she be awarded her expenses based on Defendants' conduct in connection with their motion to disqualify her, or in the alternative to stay this action. (Doc. # 127.)

### B.   Summary of Motion

Plaintiffs assert that Defendants' conduct in connection with filing their Motion for Disqualification, or in the Alternative Stay, was outrageous and for the purposes of delay or harassment. (Doc. # 158 at 8-9.) Specifically, Plaintiffs argue that Defendants had no legal authority for the relief they requested in their motion - that this Court disqualify her as executor of her husband's estate, and that they failed to provide such authority after twice being directed by this Court to do so. (*Id.* at 8.)

Defendants' responded that Weaver has a conflict of interest in proceeding as an individual Plaintiff, as a derivative plaintiff and in her capacity as Executrix Third Party Defendant. (Doc. # 160 at 1.) Defendants argue that Plaintiffs' request for sanctions requires a finding that they have acted in bad faith, without a factual basis, and they further argue that they complied with this Court's order by providing appropriate state law support for their request. (*Id.* at 3-8.)[2]   Defendants note that arguing in the

---

[2] Defendants admit that they were unable to comply with this Court's directive to provide authority for this Court to grant their motion to disqualify Weaver as executor of the Estate in Orphans' Court, but add that they did provide state law addressing their claim that Weaver is now faced with a conflict

alterative is not sanctionable conduct, and argue that a severance would be an inappropriate sanction. (*Id.* at 11-17.)

### C. <u>Discussion</u>

This Court does not find that Defendants' conduct in filing the motion to disqualify or stay was clearly sanctionable. Although this Court has no authority to grant their motion to disqualify Weaver as Executor of her husband's estate, they did present a legitimate concern that she will at some point face a conflict of interest by functioning in three very different capacities - as an individual, as a representative capacity of other stockholders, and third party defendant executor of the estate.  This Court is concerned about the potential conflicts of interest facing Weaver by serving in her various capacities in this case. Further, the concerns expressed by Plaintiffs when they objected to the addition of Weaver as a Third Party Defendant on the ground that unreasonable delays would result, have proven true.  Prior to the addition of the Third Party Defendant, discovery was being concluded.

Although Plaintiffs' request for severance as a sanction should be denied because they have not clearly shown sanctionable

---

of interest. (*Id.* at 8.) However, they did not identify any specific conflict and, in any event, this Court has no authority to disqualify Weaver as Executor of the Estate, which is a matter for the Orphans' Court. (See Doc. # 164.)

conduct by Defendants, the Third Party Claim should be severed in ordered to avoid conflicts of interest and unreasonable delays in this case.

This Court has the power, by its own initiative, to sever a claim under Rule 21 of the Federal Rules of Civil Procedure, which provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

F<small>ED</small>.R.C<small>IV</small>.P. Rule 21.

Therefore, in the interests of justice, the Third Party Claim against the Estate should be severed and filed as a new civil action, Defendants should be ordered to file the complaint at a new docket number. Filing fees should be waived. The clerk should file at the new docket number all of the filings related to the claims against the Estate.[3]

III. CONCLUSION

For the foregoing reasons, it is recommended that Plaintiffs' Motion for Sanctions, Including Severance and

---

[3] They appear to be Document numbers 122, 123, 128, 168, 137, 138, 139, 140, 145, 146, 148, 154, 153, 152, 155, 156, 164, as well as the order, Response/Briefing Schedule re 122 Motion for Motion for Preliminary Injunction, dated December 27, 2005, which is a text-only order. Further, the item at document number 132 was to be re-filed pursuant to the clerk's direction. This document should also be transferred to the new docket if it is re-filed.

Attorney's Fees be denied. It is further recommended that the claims against the Estate of Gerald Weaver be severed from this claim pursuant to Rule 21 of the Federal Rules of Civil Procedure and filed as a new civil action. It is further recommended that the filing fee for the new civil action be waived.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                         ILA JEANNE SENSENICH
                                                         United States Magistrate Judge

Dated: April _____, 2004

cc:   The Honorable Terrence F. McVerry
      United States District Judge

      Bernard D. Marcus, Esquire
      Marcus & Shapira, LLP
      One Oxford Centre, 35th Floor
      301 Grant Street
      Pittsburgh, PA 15219-6401

      John R. O'Keefe, Jr., Esquire
      Metz Lewis, LLC
      11 Stanwix Street, 18th Floor
      Pittsburgh, PA 15222

Manning J. O'Connor II, Esq.
Evans Portnoy Quinn & O'Connor
One Oxford Centre, 36th Floor
301 Grant Street
Pittsburgh, PA 15219

Matthew S. Sturtz, Esq.
Miles & Stockbridge, P.C.
600 Washington Ave., Ste. 300
Towson, MD 21204-3965