IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANGELA B. WEAVER and              )
DOMENICK SALVATORE,               )
individually and derivatively, as      )
limited partners, on behalf of AMD    )
SOUTHFIELD MICHIGAN            )
LIMITED PARTNERSHIP, a        )
Michigan Limited Partnership          )
                    Plaintiffs,           )
                                     )
            v.                        )          Civil Action No. 02-1719
                                     )          Judge Terrence F. McVerry
MOBILE DIAGNOSTECH, INC.,        )          Magistrate Judge Lisa Pupo Lenihan
a Pennsylvania Corporation, MDX      )
CORPORATION, a Pennsylvania        )
Corporation, A. JEROME             )
DIGIACOBBE, JR., CALVIN F.         )
ZONTINE, and ALPHA MEDICAL       )
CONSULTANTS, INC., a Pennsylvania   )
Corporation                          )
                    Defendants         )

## MEMORANDUM ORDER

        This case was previously referred to United States Magistrate Judge Lisa Lenihan

for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and

Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

        The Magistrate Judge's Report and Recommendation filed on May 22, 2007,

recommended that Plaintiff Salvatore's Motion for Partial Summary Judgment on his claim for

breach of fiduciary duty be denied.  Second, it recommended that the Defendants' Motion for

Partial Summary Judgment be denied as moot with respect to its assertions of both (a) absence of

standing and/or (b) time bar against Plaintiff Angela Weaver ("Weaver"), and denied with

respect to Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act, 18

U.S.C.A. § 1962 *et seq.* (hereinafter "RICO").  Finally, it  recommended that Plaintiffs be given

leave to amend their pleading to allege a § 1962(c) "enterprise" within the parameters of the

Third Circuit's holding in Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., Inc., 46 F.3d 258 (3d

Cir. 1995).  Service was made on all counsel of record, and Objections and Responses to the

Objections were filed by the parties during the month of June.

       Plaintiff Salvatore objects to denial of his Motion for Summary Judgment on

breach of fiduciary duty, asserting in essence that the Report erred in concluding that "whether a

partner breached such distinct fiduciary duties as *e.g.*, loyalty, care, and honesty encompass[es],

necessarily, both (1) the knowledge, understanding and/or intent of the partner, and (2) the

particular circumstances of the acts alleged" and such questions are, therefore, "within the

purview of the factfinder."  Report at 12-13; Plaintiff's Objections at 2-3 (citing Pinnacle

Express, Inc. v. Trout, 2002 WL 1547540, *3 (Mich. Cir. Ct. June 26, 2002) for the proposition

that "intent and knowledge are not elements of a breach of a fiduciary duty claim").[1]

---

1.  In Pinnacle, the Court concluded that where the defendant, an officer-employee of a trucking corporation financed entirely by the plaintiff, subsequently formed his own competing corporation and diverted his employer's customers and assets thereto, defendant's failure to disclose his "indisputably relevant" activities to plaintiff established his breach and, therefore, the parties' factual disputes regarding intent did not preclude summary judgment.  This Court has found no other similarly-holding Michigan or Sixth Circuit case.  It also notes the factual distinctions between a case in which customers and assets were diverted to a competing entity in which the defendant held sole interest and the case *sub judice*.

The Court understands the statutory and common law underlying Plaintiff's breach of fiduciary duty claim to require the partners to have performed their partnership obligations in a manner they honestly believed to be in the best interests of the partnership, consistent with duties of care and loyalty, and to have disclosed all material and relevant information regarding partnership management/assets.  Defendants have proffered, however, assertedly legitimate business reasons for, *e.g.*, the MDI loans, and have made other assertions that relate to factual questions of the loyalty/honesty/good faith of their conduct and their reasonable beliefs as to the materiality/relevancy of information withheld from the limited partners.  It is not for this Court to weigh on summary judgment the merits of those assertions.[2]  To the contrary, it is appropriate to deny summary judgment on the basis of material questions of fact present when the evidence is viewed in the light most favorable to the non-moving party.[3]

---

2. See, *e.g.*, <u>Velez Gomez v. SMA Life Assur. Co.</u>, 8 F.3d 873, 877 (1st Cir. 1993) ("There is 'no room' at summary judgment ' for credibility determinations . . . for the measured weighing of conflict evidence such as the trial process entails . . . [or] for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be).") (citation omitted).

3.  <u>Cf.</u> <u>Select Creations, Inc. v. Paliafito America, Inc.</u>, 911 F.Supp. 1130 (E.D. Wis. 1995) ("The question of whether a fiduciary duty has been breached is ordinarily one for the ultimate factfinder.") (citations omitted); <u>Gordon v. Muchnick</u>, 180 A.2d 715 (N.Y.A.D.2d 1992) ("Once a duty is found to exist, the question of whether defendant breached that duty is generally a question of fact for the jury."); <u>In re Abbott Labs. Derivative Shareholder Litig.</u>, 325 F.3d 795 (7th Cir. 2003) (where complaint alleges breach of fiduciary duty based on failure to act loyally, honestly or in good faith, questions of fact raised); <u>Weaver v. Kellogg</u>, 216 B.R. 563 (S.D. Tex. 1997) (finding material fact questions as to basic fairness of defendant's actions in allegedly seeking to profit from transactions to detriment of corporation); <u>Resolution Trust Corp. v. Accardo</u>, 1992 WL 151081 (E.D. La. April 6, 2004) (assessing breach of fiduciary duty claim turning on good faith and loyalty requires determination of questions within the province of the factfinder); <u>Lemanski v. Lenox Savings Bank</u>, 1996 WL 253315 (D. Mass. April 12, 1996) ("[T]he question of whether [a party] breached a fiduciary duty . . ., by engaging in self-dealing, is more appropriately within the purview of the trier of fact.") (citing <u>Reich v. Compton</u>, 57 F.3d
(continued...)

Defendants, for their part, raise multiple objections, including an objection to the Report's recommendation that Plaintiff be permitted to amend his pleadings to allege a separate § 1962(c) enterprise, in accordance with this Court's revised interpretation of <u>Jaguar Cars, Inc. v. Royal Oaks Motor Car, Inc.</u>, 46 F.3d 258 (3d Cir. 1995).  Defendants assertion that Plaintiff should not be permitted to amend is without merit where, as fully discussed in the Report,[4] this Court previously concluded that the RICO claim was maintainable as pled.  Plaintiff requested leave to amend contemporaneous with this Court's original consideration in August, 2003, and again when the matter was revisited during oral argument in January, 2007.  Were Plaintiff now to file a Motion to Amend, it would be granted.[5]  But the record in this case reflects no need for such Motion; rather, it is appropriate that this Court *sua sponte* and on the basis of Plaintiff's

---

3.  (...continued)

270 (3d Cir. 1995) (issue of fact as to whether fiduciary duty violated through self-dealing precluded summary judgment); <u>Bank of China v. Chan</u>, 937 F.2d 780, 789 (2d Cir. 1991) (genuine issue of fact regarding good faith in allegations of self-dealing); <u>O.K. Sand & Gravel, Inc. v. Martin Marietta Corp.</u>, 819 F.Supp. 771, 786 (S.D. Ind. 1992) (whether agent engaged in self-dealing by non-disclosure of nature of transfers made was disputed question of fact precluding summary judgment); <u>Boston Children's Heart Foundation, Inc. v. Nadal-Ginard</u>, 73 F.3d 429 (1st Cir. 1996) (whether corporate director violated fiduciary duty through self-dealing not determined until conclusion of eighteen-day bench trial)); <u>In re Suburban Motor Freight, Inc.</u>, 124 B.R. 984, 1004 (Bank. S.D. Ohio 1990) (noting that, while it does not matter if fiduciary had actual fraudulent intent, what does matter is whether fiduciary violated his primary obligations to the entity, *i.e.,* breached his duty of loyalty/care); <u>McRedmond v. Estate of Marianelli</u>, 2006 WL 2805158 (Tenn. Ct. App. Sept. 29, 2006) (discussing reversal of trial court's grant of summary judgment on breach of fiduciary duty in light of "conflicting evidence").

4.  <u>See</u> Report and Recommendation at n. 35, pp. 20-22.

5.  <u>Cf.</u> Fed. R.C.P. 15(a) (directing that leave to amend "be freely given when justice so requires").

prior requests, grant leave to amend as recommended in - and for the reasons set forth in - the Report. Barring Defendants' establishment of a need for specifically-identified additional discovery, the Court's review of the hundreds of pleadings and volumes of documents in this case leads it to anticipate little, if any, additional-discovery-related delay.

Defendants also object to what they characterize as the Report's improper findings of fact as to both (a) the loan-prohibit provisions of the written Partnership Agreement and (b) Defendants' control of AMD and/or MDI. That Defendants dispute the Report's conclusions, however "vigorously", is in itself insufficient to establish a material question of fact; and here the evidence of record is clearly, unambiguously to the contrary. More particularly, where the specific provisions of the Partnership Agreement are *unambiguous*, as the Report properly concludes (as a question of law), Defendants' assertions as to the meaning and/or intent of those or other more general provisions do not create an ambiguity. See Report and Recommendation at 10. Similarly, Defendants assertions as to Gerald Weaver's *influence* on their decision-making do not alter the clear record regarding Defendants' ownership interests in, and control and management of, the entities at issue. Id. at 9-10; see also Plaintiff's Brief in Opposition to Objections at 5-6 (documenting Defendants' related admissions). Cf. In Re Estate of Gerald W. Weaver, Court of Common Pleas of Allegheny County, No. 2136 of 2000, May 24, 2007 Order of Court (concluding that decedent's financial interests in the AMD partnership and other entitites were the subject of a valid *inter vivos* transfer by decedent to tenancy-by-the-entireties

with his surviving spouse; that certain evidence was precluded under the Pennsylvania Dead Man's Act; and that the Estate be re-closed).[6]

Finally, Defendants' objections raised under <u>Holmes v. Securities Investor Protection Corp.</u>, 503 U.S. 258 (1992) appear to largely ignore the Report's conclusion that all claims before this Court are derivative.  <u>See</u> Defendants' Objections at 15-17.  They are therefore misplaced.  <u>See</u> Report at 17-18.

Accordingly, after review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections and Responses thereto, the following Order is entered:

**AND NOW**, this <u>25th</u> day of June, 2007:

**IT IS HEREBY ORDERED**  that Plaintiff's Motion for Partial Summary Judgment is **DENIED**;

---

6. To the extent that Defendants' Objections also suggest that the Report concludes, as findings of fact, that there were "fraudulent concealments and/or misrepresentations made to and relied upon by the limited partners" which "facilitated a long-term, on-going scheme of misappropriation and self-dealing by the controlling/general partner(s)", Defendants misunderstand and/or mischaracterize the Report.  <u>Compare</u> Defendants' Objections at 13-14 <u>with</u> Report at 52-53 (defining its understanding of circumstances under which claim for RICO mail fraud may be maintained, and immediately following quoted language with its conclusion that "the circumstances of [the] case . . . establish an issue . . . that should be submitted to trial for resolution", *i.e.*, that there are material issues of disputed fact).

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment is **DENIED** and that their January 15, 2007 Motion, to the extent not previously denied by the Court's text-only Order of February 5, 2007, is **DENIED** as moot;[7]

**IT IS FURTHER ORDERED** that Plaintiffs file, within twenty (20) days from the date hereof, amended pleading(s) to properly allege AMD's claim under § 1962(c); and

**IT IS FURTHER ORDERED** that the May 22, 2007 Report and Recommendation of Magistrate Judge Lenihan is adopted as the Opinion of the Court.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge

cc:  All Counsel of Record

---

7.  See Report and Recommendation at 8, n. 14 (noting that while text Order denied Motion to Stay, January 15, 2007 Motion also incorporated requests for denial of Plaintiff's Motion for Partial Summary Judgment or Administrative Termination of same, which are mooted by the Court's adoption of the Report).