IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA B. WEAVER and ) <br> DOMENICK SALVATORE, ) <br> derivatively, as limited partners, on behalf ) <br> of AMD SOUTHFIELD MICHIGAN ) <br> LIMITED PARTNERSHIP, a ) <br> Michigan Limited Partnership ) <br> ) <br> Plaintiffs, ) <br> ) <br> v.  ) <br> ) <br> MOBILE DIAGNOSTECH, INC., ) <br> a Pennsylvania Corporation, MDX ) <br> CORPORATION, a Pennsylvania ) <br> Corporation, A. JEROME ) <br> DIGIACOBBE, JR., CALVIN F. ) <br> ZONTINE, and ALPHA MEDICAL ) <br> CONSULTANTS, INC., a Pennsylvania ) <br> Corporation ) <br> ) <br> Defendants. ) | Civil Action No. 02-1719 <br> Judge Terrence F. McVerry <br> Magistrate Judge Lisa Pupo Lenihan |

**MEMORANDUM OPINION AND ORDER**

**I.  BACKGROUND**

As summarized in the Report and Recommendation filed in this action on May 22, 2007, Plaintiff Angela Weaver is the surviving spouse of Gerald Weaver, who was a limited partner in -

and served as legal counsel to - Plaintiff AMD Southfield Michigan Partnership ("AMD"), a Michigan limited partnership formed in 1985.  Plaintiff Domenick Salvatore ("Salvatore") is a limited partner in AMD.  The Individual Defendants, A. Jerome DiGiacobbe ("DiGiacobbe") and Calvin F. Zontine ("Zontine") are the controlling partners of AMD, and of its managing general partner, Mobile Diagnostech, Inc. ("MDI").

The partnership disputes at issue in this factually and legally complicated action, pending in Federal Court for more than four and one-half (4-1/2) years, stem essentially from alleged protracted mismanagement of AMD by the controlling Individual Defendants through overrreaching and self-dealing in the forms of (a) unauthorized and purposefully concealed, non-interest or inadequate-interest bearing, loans made from AMD to MDI (the "MDI Loan Claims"); and (b) unauthorized and purposefully concealed, non-interest bearing, no-recourse loans from AMD to DiGiacobbe and Zontine relating to the unauthorized transfers of additional partnership interests from AMD to the Individual Defendants (the "Partnership Interest Claims").

This Court's June 25, 2007 Order on the parties' Motions for Summary Judgment including a ruling that the Plaintiffs could maintain their derivative civil RICO action.  <u>See</u> Order adopting Report and Recommendation; Report and Recommendation at 52-53 (concluding that "Congress' specification of the elements of 'fraud' and 'use of the mail' in the predicate act at issue, while perhaps counseling against a recognition of an action based solely on constructive fraud, does not counsel against recognition of an action where fraudulent concealments and/or misrepresentations made to and relied upon by the limited partners facilitated a long-term, on-

going scheme of misappropriation and self-dealing by the controlling/general partner(s)"); id. (further concluding that "the circumstances of this case, when considered in the context of the 'fraud' and 'reliance' analyses employed by the Federal Courts, establish an issue of civil RICO mail fraud that should be submitted to trial for resolution").

**II.  ISSUE AND CONCLUSION**

Defendants have filed a Motion to Certify "the reliance issue", *i.e.*, the question of whether Plaintiffs can maintain a derivative civil RICO action based upon reliance by the limited partners, for interlocutory appeal to the Third Circuit under 28 U.S.C. § 1292(b).  This Court concludes that, while the issue is clearly unsettled and substantial grounds for difference of opinion exist, interlocutory resolution would not materially advance the termination of this litigation.  Accordingly, it will deny Defendants' Motion.

In so holding, the Court notes that even in the absence of a derivative RICO claim, it would, in the interests of judicial efficiency and justness, exercise its discretion to retain jurisdiction over the state law claims with which it has become well-acquainted.  It also observes that full development of the record may benefit the Court of Appeals' ultimate resolution of this novel, proximate-cause-related issue of law, particularly as the parameters of the rule adopted are likely to be nuanced and to turn on factual considerations.

**III. ANALYSIS**

Under 28 U.S.C. § 1292(b), this Court may certify an Order for interlocutory appeal where it concludes that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The circumstances must meet each of these three (3) conditions. See Defendants' Motion to Certify at 4 and cases cited therein. And the party seeking certification has the burden of establishing that exceptional circumstances warrant departure from the general policy against piecemeal litigation and in favor of postponing appellate review until after the entry of final judgment. See, *e.g.*, Vaughn v. Flowserve Corp., 2006 WL 3231417 (D.N.J. Nov. 8, 2006).

As noted above, this Court concludes that resolution of the reliance issue would not materially advance termination of this litigation. To the contrary, this Court would - in light of the extraordinarily-protracted history of the case before it, the voluminous discovery, the hundreds of pleadings, the investment of federal judicial resources to date, the Court's thorough familiarity with the facts and legal issues, and the Plaintiffs' interests in proceeding to trial in this action filed in 2002 - exercise its discretion to retain jurisdiction over the state law claims and proceed to trial on the facts. See 28 U.S.C. § 1367 (explaining circumstances in which "district courts *may* decline to exercise supplemental jurisdiction"). Compare Defendants' Motion to Certify at 3 (asserting, mistakenly, that "the reliance issue is a controlling question of law which, if Defendants are correct, would require the dismissal of the Plaintiff's federal claims and deprive this Court of jurisdiction").

The Court acknowledges that, in some circumstances, when the federal claims are eliminated in advance of trial, the balance of factors to be considered under the pendent jurisdiction doctrine, *i.e.*, judicial economy, convenience, fairness, and comity, will weigh in favor of declining exercise of supplemental jurisdiction over the remaining state law claims. See Defendants' Motion to Certify at 6 (citing Carnegie Mellon University v. Cohill, 484 U.S. 343, 350, n. 7 (1988)); Plaintiffs' Brief in Opposition at 7 (citing factors as "judicial economy, convenience and fairness to the litigants") (quoting Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1284 (3d Cir. 1993)). It concludes, however, for the reasons aforesaid, that those factors would weigh in favor of retaining jurisdiction in this case.[1]

Finally, the Court observes, as also noted above, that resolution of the novel issue of law raised by the derivative civil RICO action may best be decided in the context of the fully-developed factual record available to the Court of Appeals after trial. This is particularly so where, as here, the appellate court's legal determination, and the parameters of the rule of law ultimately adopted, may turn on factual considerations which cannot be fully appreciated or

---

1. Cf. Carter v. Signode Industs., Inc., *infra* n. 2; cf. also Patrick v. Dell Financial Servs., 366 B.R. 378 (M.D. Pa. 2007) (noting that "where discovery is complete and the case is ready for trial, an interlocutory appeal can hardly advance the ultimate termination of the litigation") (quoting FDIC v. Parkway Exec. Office Center, 1997 WL 611674, *3 (E.D. Pa. Sept. 24, 1997)); Harter v. GAF Corp., 150 F.R.D. 502, 518 (D.N.J. 1993) ("Typically, Section 1292(b) is applied in situations where, if the trial court decision were reversed on appeal, the litigation would then end.").

predicted at this time. See Report and Recommendation at 51-52 (discussing proximate cause, foreseeability, and considerations implicated in assignment of liability).[2]

**IV. ORDER**

AND NOW, this 28th day of August, 2007, upon review of the pleadings and briefs of record, it is hereby ordered that Defendants' Motion to Certify be denied.

                          /s/ Terrence F. McVerry
                          Terrence F. McVerry
                          United States District Judge

---

2. See, *e.g.*, Carter v. Signode Industs., Inc., 1988 WL 130619 (N.D. Ill. Dec.1, 1988) (denying motion for certification on securities fraud claim where claims sharing common facts would be fully adjudicated regardless of fate of securities claim on appeal, and certification would significantly delay adjudication or risk duplicative trials); id. at *2 (noting that developed factual record would significantly aid Seventh Circuit in its determination of the legal questions). See also Johnson v. Jones, 515 U.S. 304, 309 (1995) (noting that interlocutory appeals risk additional and unnecessary appellate court work where, *e.g.*, the record is inadequately developed) (quoted in In re Ford Motor Co., 110 F.3d 954 (3d Cir. 1997)); Mitchell v. Forsyth, 472 U.S. 511 (1985) (noting that when appeal occurs after final judgment, "the fuller development of the facts . . . will assist the appellate court in its disposition" of the legal issues).