IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMENICK SALVATORE, derivatively, as limited partner, on behalf of AMD SOUTHFIELD MICHIGAN LIMITED PARTNERSHIP, a Michigan Limited Partnership,<br><br>            Plaintiff,<br><br>   v.<br><br>MOBILE DIAGNOSTECH, INC., a Pennsylvania Corporation, MDX CORPORATION, a Pennsylvania Corporation, A. JEROME DIGIACOBBE, JR., and CALVIN F. ZONTINE,<br><br>            Defendants. | Civil Action No. 02-1719 |

## MEMORANDUM ORDER

Presently before the Court is DEFENDANTS' MOTION FOR CLARIFICATION AND RECONSIDERATION (Document No. 321). Plaintiff[1] filed separate responses to the request for clarification (Document No. 324) and the request for reconsideration (Document No. 323). In light of the impending trial date, this Memorandum Order will not be lengthy.

Defendants' motion has two prongs: (1) it seeks clarification that the Court has made no findings of fact in its recent orders; and (2) it seeks reconsideration of the Court's ruling on May 5, 2009 that "Defendants may not challenge [Dominick] Salvatore's status as a derivative plaintiff, as it has been conclusively determined." The Court will address each issue seriatim.

    1.    Motion to Clarify

Defendants seek to confirm and/or clarify that the Court made no factual findings in its April 30, 2009 Memorandum Order, which resolved numerous motions in limine. In resolving the various motions in limine, the Court made evidentiary rulings requested by Plaintiffs regarding the

---

[1]Salvatore is the sole remaining derivative plaintiff. The earlier motions were also filed on behalf of Angela Weaver.

validity of certain ***defenses*** based on undisputed facts, as developed through the extensive summary judgment filings. For example, the Court held that the "business judgment rule" ("BJR") defense does not apply outside the corporation context and is not applicable when the alleged transactions involve self-dealing. As to the self-dealing rationale, the Court quoted the case relied upon by Defendants, *Cuker v. Mikalauskas*, 692 A.2d 1042, 1046 (Pa. 1997), for the proposition that the BJR applies only to "business decisions made in circumstances free from serious conflicts of interest." Defendants failed to rebut the legal argument regarding this limitation on the BJR defense. It is undisputed that AMD is a limited partnership (as opposed to a corporation) and Plaintiff alleges that Defendants engaged in self-dealing transactions. Thus, the BJR defense is not applicable. Similarly, the Court ruled that Defendants could not, as a matter of law, advance a "reliance on advice of counsel" defense based on legal advice allegedly provided by Gerald Weaver, as it is undisputed that Gerald Weaver was not an independent, disinterested outside lawyer. The Court further ruled that legal advice would not justify the breach of the unambiguous loan prohibition. These rulings did not involve fact-finding by the Court.

Plaintiff cites to various admissions made by Defendants, and now contends that Defendants should not be able to put on *evidence* of their judgment or wisdom. This goes too far. Defense counsel correctly recites portions of the Court's prior orders and the May 22, 2007 Report and Recommendation of the Magistrate Judge ("R&R"), which specifically identify factual issues that are "properly within the purview of the fact-finder" such as the loyalty, care, beliefs as to materiality and relevance of information, honesty, good faith and intent of the various actors. The Court reiterates that such questions remain for the jury.

### 2. Salvatore's Status

Defendants contend that the statement in the R&R that Domenick Salvatore's status as a derivative plaintiff "is not open to dispute" is classic obiter dicta. In essence, Defendants argue that Salvatore's status as a derivative plaintiff remains at issue. The Court cannot agree.

As Plaintiff points out, the Court has determined that Salvatore is an adequate representative of AMD on numerous prior occasions. Defendants' motion to dismiss on that basis was denied in 2003. Moreover, contrary to Defendants' interpretation, Salvatore's ability to proceed as a derivative plaintiff was directly at issue in the May 22, 2007 R&R. The Magistrate Judge determined, after extensive analysis, that Plaintiffs' claims were derivative as opposed to individual. The Magistrate Judge rejected Defendants' challenge to Salvatore's ability to serve as a derivative plaintiff due to his failure to include the Estate of Gerald Weaver as a Defendant. Finally, the Magistrate Judge denied Defendants' challenges to Angela Weaver's standing as a derivative plaintiff and/or time bar as moot in light of Salvatore's ability to serve as the derivative plaintiff. *See, e.g.,* R&R at 1-2 ("this Report concludes that all claims pending before the Court are derivative in nature and may proceed as properly brought by Plaintiff Salvatore."); R&R at 8 n.14 (no need to stay case pending Pennsylvania court resolution of Estate because there is "no question of Plaintiff Salvatore's standing to maintain his claims"); R&R at 9 (rejecting Defendants' contention that Salvatore's failure to name the Estate reflected "an antagonistic interest and insurmountable conflict" and noting, inter alia, that acquiescence of other partners was not requisite to Salvatore's standing); R&R at 22-31 (lengthy discussion of the "Derivative Nature of the RICO Claims"); R&R at 27 (recognizing that Court had denied a motion to dismiss Plaintiffs' individual claims but concluding that "Plaintiff's individual claim cannot now survive summary judgment"). *See also* Memorandum Order dated April 30, 2009 ("The Court has already determined that the issue of Mrs. Weaver's standing as a derivative plaintiff is moot because the claims may proceed as properly brought by Plaintiff Salvatore.")

It is undisputed that Salvatore is a limited partner of AMD. Michigan law permits limited partners to pursue derivative claims on behalf of the limited partnership. Mich. Comp. Laws §§ 449.2001, 2002; R&R at 22 and n. 37; Fed. R. Civ. P. 23.1(a). Defendants may not challenge Salvatore's status as a derivative plaintiff. The Court adheres to this conclusion.

3

Accordingly, DEFENDANTS' MOTION FOR CLARIFICATION AND RECONSIDERATION (Document No. 321) is **GRANTED IN PART** as to clarification **AND DENIED IN PART** as to reconsideration.

SO ORDERED this 8th day of May, 2009.

                                                   /s Terrence F. McVerry
                                                   United States District Court Judge

cc:        Bernard D. Marcus, Esquire
            Robert M. Barnes, Esquire
            Moira E. Cain-Mannix
            Marcus & Shapira
            301 Grant Street
            35th Floor, One Oxford Centre
            Pittsburgh, PA 15219-6401

            Mary Jo Rebelo
            Houston Harbaugh
            401 Liberty Avenue
            22nd Floor, Three Gateway Center
            Pittsburgh , PA 15222-1005

            John R. O'Keefe, Jr., Esquire
            Metz Lewis
            11 Stanwix Street
            18th Floor
            Pittsburgh, PA 15222

            Manning J. O'Connor, II, Esquire
            Patrick Sorek, Esquire
            Leech Tishman Fuscaldo & Lampl, LLC
            525 William Penn Place, 30th Floor
            Pittsburgh, PA 15219