# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMENICK SALVATORE, derivatively, as limited partner, on behalf of AMD SOUTHFIELD MICHIGAN LIMITED PARTNERSHIP, a Michigan Limited Partnership, <br><br> Plaintiff, <br><br> v. <br><br> MOBILE DIAGNOSTECH, INC., a Pennsylvania Corporation, MDX CORPORATION, a Pennsylvania Corporation, A. JEROME DIGIACOBBE, JR., and CALVIN F. ZONTINE, <br><br> Defendants. | Civil Action No. 02-1719 |

## MEMORANDUM ORDER

Presently before the Court is the MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH filed by Defendants (Document No. 326). Plaintiff filed a response (Document No. 328) and Defendants filed a reply (Document No. 330). The motion is ripe for disposition.

Defendants seek to quash subpoenas that were recently served on: (1) A. Jerome DiGiacobbe or the records custodian of AMD; and (2) Gerald Chotiner, the former accountant of MDI. The subpoenas seek certain partnership ownership and financial records in the 2008-2009 timeframe. Defendants contend generally that the subpoenas are overbroad, unduly burdensome and seek irrelevant information. Defendants further point out that the Court has ruled that documents relating to the 2008 amendments to the Partnership Agreement are irrelevant to the issues now being tried to a jury.

Plaintiff, in response, contends that the documents are highly relevant to Plaintiff's claim for equitable relief in the form of disgorgement and rescission of 12 AMD limited partnership units. Plaintiff notes that some of the documents requested in the subpoenas were produced by defense counsel and reveal that Defendants cashed out or transferred substantially all of their AMD units. Plaintiff denies that the requests are burdensome, as the documents had already been

gathered and were sitting on defense counsel's desk.

Defendants' motion to quash and/or for protective order will be denied. There is a vast difference between the standard needed to render documents discoverable, *see* Fed. R. Civ. P. 26(b), and the standard that must be met to make a document admissible at trial, *see, e.g.,* Fed. R. Evid. 402, 403. The Court is persuaded that the documents sought in these subpoenas appear to be relevant to the subject matter involved in the action and/or are reasonably calculated to lead to the discovery of admissible evidence. As Plaintiff points out, such information may be important to the fashioning of appropriate equitable relief, if Plaintiff demonstrates entitlement to such relief.

Accordingly, the MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH filed by Defendants (Document No. 326) is **DENIED**. The documents shall be produced forthwith.

SO ORDERED this 14th day of May, 2009.

/s Terrence F. McVerry
United States District Court Judge

cc:
Bernard D. Marcus, Esquire
Robert M. Barnes, Esquire
Moira E. Cain-Mannix
Marcus & Shapira
301 Grant Street
35th Floor, One Oxford Centre
Pittsburgh, PA 15219-6401

Mary Jo Rebelo
Houston Harbaugh
401 Liberty Avenue
22nd Floor, Three Gateway Center
Pittsburgh, PA 15222-1005

John R. O'Keefe, Jr., Esquire
Metz Lewis
11 Stanwix Street
18th Floor
Pittsburgh, PA 15222

Manning J. O'Connor, II, Esquire
Patrick Sorek, Esquire
Leech Tishman Fuscaldo & Lampl, LLC
525 William Penn Place, 30th Floor
Pittsburgh, PA 15219