IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMENICK SALVATORE, derivatively, as limited partner, on behalf of AMD SOUTHFIELD MICHIGAN LIMITED PARTNERSHIP, a Michigan Limited Partnership, <br><br> Plaintiff, <br><br> v. <br><br> MOBILE DIAGNOSTECH, INC., a Pennsylvania Corporation, MDX CORPORATION, a Pennsylvania Corporation, A. JEROME DIGIACOBBE, JR., and CALVIN F. ZONTINE, <br><br> Defendants. | Civil Action No. 02-1719 |

## ORDER OF COURT

Presently before the Court is the MOTION FOR JUDGMENT AS A MATTER OF LAW pursuant to Fed. R. Civ. P. 50 ("Rule 50 Motion") presented orally by Defendants on May 18, 2009. The Court denied the Rule 50 Motion orally on several grounds and took the motion under advisement as to the Conversion claim regarding a $250,000 Certificate of Deposit.

Upon further consideration, the Court now **GRANTS** Defendants' Rule 50 motion as to the Conversion claim. Under Michigan law, *see Gilroy v. Conway*, 391 N.W.2d 419 (Mich. App. 1986), one partner cannot maintain a tort action against another partner for fraudulent conversion of partnership property. As in *Gilroy*, there is no tortious conduct alleged in this case which exists independently of the breach of the fiduciary duty arising from the partnership agreement. Although the conduct relating to the $250,000 Certificate of Deposit may be actionable under RICO, breach of fiduciary duty and/or fraud as an improper loan, a separate and distinct conversion claim will not be presented to the jury.

Moreover, although the Court denied Defendants' Rule 50 Motion as to punitive damages on the grounds presented in their oral motion, *Gilroy* makes clear that in cases involving a partner's breach of fiduciary duty, the sole remedy under Michigan law is to place the wronged partners in the economic position that they would have enjoyed but for the breach. The aggrieved

partners are not entitled to any remedy other than to be made whole economically. Accordingly, under Michigan law, Plaintiff cannot recover punitive damages or exemplary damages for the conduct alleged in this case and such a request will not be presented to the jury.

The Court notes that Defendants submitted a trial brief which argued that Pennsylvania law should be applied. The Court does not agree. It has been established "law of the case" that Michigan law governs the breach of fiduciary duty, fraud and conversion claims. *See, e.g.* May 22, 2007 Report and Recommendation at 10 n. 21 ("As Defendants note, this pendant State law claim is governed by Michigan law.") Ironically, to the extent that Michigan law, as embodied in *Gilroy*, differs from Pennsylvania law, such differences redound to Defendants' benefit.

SO ORDERED this 19th day of May, 2009.

/s Terrence F. McVerry
United States District Court Judge

cc:      Bernard D. Marcus, Esquire
         Robert M. Barnes, Esquire
         Moira E. Cain-Mannix
         Marcus & Shapira
         301 Grant Street
         35th Floor, One Oxford Centre
         Pittsburgh, PA 15219-6401

         Mary Jo Rebelo
         Houston Harbaugh
         401 Liberty Avenue
         22nd Floor, Three Gateway Center
         Pittsburgh, PA 15222-1005

         John R. O'Keefe, Jr., Esquire
         Metz Lewis
         11 Stanwix Street
         18th Floor
         Pittsburgh, PA 15222

         Manning J. O'Connor, II, Esquire
         Patrick Sorek, Esquire
         Leech Tishman Fuscaldo & Lampl, LLC
         525 William Penn Place, 30th Floor
         Pittsburgh, PA 15219