IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA WEAVER and DOMENICK SALVATORE, derivatively, as limited partner, on behalf of AMD SOUTHFIELD MICHIGAN LIMITED PARTNERSHIP, a Michigan Limited Partnership,<br>Plaintiffs,<br>v.<br>MOBILE DIAGNOSTECH, INC., a Pennsylvania Corporation; MDX CORPORATION, a Pennsylvania Corporation, A. JEROME DIGIACOBBE, JR. and CALVIN F. ZONTINE, and ALPHA MEDICAL CONSULTANTS, INC.<br>Defendants. | 2:02-cv-1719 |

## MEMORANDUM ORDER

Now pending before the Court are the MOTION TO ENTER CONSENT JUDGMENTS ON BEHALF OF MARCUS & SHAPIRA LLP AND DOMENICK SALVATORE (ECF NO. 378), with an attached Affidavit of Karen Littmann; and a PETITION TO MOLD CONSENT JUDGMENTS TO INCLUDE REASONABLE ATTORNEY'S FEES AND INTEREST (ECF No. 379), with exhibits, filed by Plaintiff Angela Weaver. Defendants have filed responses to the motion and petition (ECF Nos. 376, 380, 381), and Salvatore filed a Supplement in reply to Defendants, with an attached calculation of interest (ECF No. 382). The motion and petition are ripe for disposition.

Procedural History

This complex and hard-fought civil RICO case which arose out of a partnership dispute was ultimately resolved by a Settlement and Mutual Release Agreement on December 21, 2009 ("Settlement"). Pursuant to the terms of the Settlement, Consent Judgments were entered in the Court of Common Pleas of Allegheny County, Pennsylvania in favor of Domenick Salvatore,

Angela Weaver and Marcus & Shapira, LLP against, inter alia, Mobile Diagnostech, Inc., MDX Corporation, A. Jerome DiGiacobbe, Jr. and Bonnie DiGiacobbe, his wife, and Calvin F. Zontine and Sandra Zontine, his wife (collectively, the "Co-Obligors"). This Court retained jurisdiction to enforce the Settlement. *See* Settlement §§ 7(e) and 20; ECF NO. 371 (Court approval of Settlement).

The Co-Obligors have heretofore admitted that they are in default of the Settlement because they have failed to make the required Deferred Settlement Payments, despite notice of default and expiration of the cure period. The original Consent Judgment was in the amount of $7,000,000, but substantial payments have been forthcoming. Pursuant to Settlement § 3(d), each payment was allocated 70% to Weaver, 20% to Salvatore, and 10% to Marcus & Shapira. Plaintiffs are entitled to recover reasonable attorney fees and costs which have been incurred to enforce the Consent Judgments pursuant to Settlement § 8.

On August 22, 2014, the Court issued a Memorandum Order which granted the original motion for entry of a consent judgment filed by Weaver (ECF No. 375), but required Plaintiffs to file their respective petition(s) for reasonable attorney fees and a proposed calculation of the total amount of the outstanding balance due (including interest) as of October 1, 2014. Defendants were provided with an opportunity to object to such calculations.

Discussion

The Consent Judgments sought by Plaintiffs have several components: (1) the outstanding balance of past due and accelerated payments; (2) re-vesting of the partnership interests held by Weaver and Salvatore pursuant to Settlement § 7(d)(2)(B); (3) interest; and (4) attorneys' fees and costs. The Judgments sought by each Plaintiff will be addressed separately.

A. Weaver

Weaver seeks entry of a Consent Judgment against the Co-Obligors in the total amount of $2,902,806.97, which consists of: (1) the balance of payments due to her under the Settlement of $2,695,150.00; (2) attorney fees and costs of $42,161.63; and (3) accrued interest as of October 1, 2014 of $165,495.34. Weaver also seeks a Court Order that the Weaver Interests be immediately transferred back to her, as provided in the Settlement and that she be admitted as a Limited Partner of AMD Southfield Michigan Limited Partnership ("AMD").

Defendants did not challenge the balance due and payable to Weaver, her interest calculation, or her right to the re-vesting of her AMD partnership interest. However, Defendants have objected to the claim for attorneys' fees and costs.

Plaintiffs are entitled to recover "***reasonable***" attorney fees and costs pursuant to Settlement § 8 (Emphasis added). The burden to establish reasonableness is on the party seeking such fees. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). As a starting point to determine the reasonableness of claimed counsel fees, the Court should evaluate both the hourly rates charged by counsel and the number of hours reasonably worked to determine the "lodestar" rate. *Id*. District courts are instructed to conduct a "thorough and searching analysis" of the fee application. *Interfaith Community Organization v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005).

Weaver has failed to convince the Court that its claims for attorneys' fees and costs are "reasonable." The only support submitted by Weaver consisted of single-page summary billing statements for the months of May-September, 2014. ECF No. 379, exhibit A. Defendants correctly point out that Weaver failed to provide any description of the actual services rendered

3

or the necessity and reasonableness of the costs (particularly, a $8400 "investigative report" and a $2,400 "lien search").  Therefore, such claims will be **DENIED**.  In all other respects, the PETITION TO MOLD CONSENT JUDGMENTS TO INCLUDE REASONABLE ATTORNEY'S FEES AND INTEREST (ECF No. 379) filed by Weaver will be **GRANTED**.  An appropriate Judgment will be entered in the total amount of $2,860,645.34 and her partnership interests will re-vest immediately.

### B.  Salvatore

As set forth in the revised calculation in his Supplement (ECF No. 382), Salvatore seeks entry of a Consent Judgment against the Co-Obligors in the total amount of $1,024,763.26, which consists of:  (1) the balance due to him under the Settlement of $953,900.00; and (2) accrued interest as of October 1, 2014 of $70,863.26.  Salvatore also seeks a Court Order that his partnership Interests be immediately transferred back to him and his wife, as tenants by the entireties, as provided in the Settlement and that they be admitted as Limited Partners of AMD.   Salvatore does not seek to recover attorney fees or costs.

Defendants have not articulated any substantive objections to Salvatore's claims.  They merely seek further proof of the amounts claimed.  The Supplement filed by Salvatore has sufficiently addressed the concerns raised by Defendants.  The Court finds that the relief claimed by Salvatore is reasonable and appropriate.  The MOTION TO ENTER CONSENT JUDGMENT ON BEHALF OF DOMENICK SALVATORE (ECF NO. 378) will be **GRANTED**.  An appropriate Judgment will be entered in the total amount of $1,024,763.26 and the partnership interests of Salvatore and his wife will re-vest immediately, as tenants by the entireties.

### C. Marcus & Shapira

Marcus & Shapira seeks entry of a Consent Judgment against the Co-Obligors in the total amount of $593,225.70, which consists of: (1) overdue payments due to the law firm under the Settlement of $339,437.50; (2) accelerated payments due to default of $80,000.00; (3) accrued interest as of October 1, 2014 of $93,172.77; and (4) $80,615.43 in attorneys' fees and costs to pursue collection and/or enforcement of the Settlement. *See* Affidavit of Karen Littmann.

Defendants have not challenged the balance of overdue and accelerated payments owed to Marcus & Shapira, or its accrued interest calculation. However, Defendants do object to the claim for attorneys' fees and costs.

For the reasons set forth above, the Court concludes that Marcus & Shapira has failed to meet its burden to justify that its claim for attorneys' fees and costs is "reasonable." The only support submitted by the law firm for its claimed fees and costs is a bare-faced assertion in the Affidavit of Karen Littmann. No explanation of the tasks performed was provided, nor was any supporting documentation attached. Therefore, such claim will be **DENIED**. In all other respects, the MOTION TO ENTER CONSENT JUDGMENTS ON BEHALF OF MARCUS & SHAPIRA LLP (ECF No. 378) will be **GRANTED** and an appropriate Judgment will be entered in the amount of $512,610.27.

Conclusion

In accordance with the foregoing, the MOTION TO ENTER CONSENT JUDGMENTS ON BEHALF OF MARCUS & SHAPIRA LLP AND DOMENICK SALVATORE (ECF NO. 378),; and the PETITION TO MOLD CONSENT JUDGMENTS TO INCLUDE REASONABLE ATTORNEY'S FEES AND INTEREST (ECF No. 379) are **GRANTED IN PART AND DENIED IN PART**.

Appropriate Consent Judgments will be entered in favor of Angela Weaver, Domenick Salvatore, and Marcus & Shapira, LLP and against Mobile Diagnostech, Inc., MDX Corporation, A. Jerome DiGiacobbe, Jr. and Bonnie DiGiacobbe, his wife, and Calvin F. Zontine and Sandra Zontine, his wife.

SO ORDERED this 17th day of October, 2014.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Jill Lockinar Bradley, Esquire
Email: jbradley@cohenlaw.com

Robert M. Barnes, Esquire
Email: rbarnes@marcus-shapira.com

John R. O'Keefe, Jr., Esquire
Email: jokeefe@metzlewis.com

Patrick Sorek, Esquire
Email: psorek@burnswhite.com
Manning J. O'Connor, II, Esquire
Email: mjoconnor@burnswhite.com